IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00764-PAB-BNB

MARZIA KAKA,

Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General, in his official capacity, United States Department of Justice,
JEH JOHNSON, Secretary, in his official capacity, Department of Homeland Security,
LORI SCIALABBA, Acting Director, in her official capacity, U.S. Citizenship and Immigration Service,
ANDREW LAMBRECHT, Acting District Director, in his official capacity, U.S. Citizenship and Immigration Service, and
JAMES COMEY, Director, in his official capacity, Federal Bureau of Investigation,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The parties appeared this afternoon for a status conference. I am informed that after the Complaint was filed in this action, the plaintiff was granted an interview by the U.S. Citizenship and Immigration Services ("USCIS"), which has 120 days from the date of the interview, or until September 16, 2014, within which to act. In the event the plaintiff is not granted the relief she seeks by the USCIS, I am informed that she will promptly thereafter seek leave to amend her complaint in view of the recent events. The parties agree that no further proceedings should occur in this action pending the expiration of the 120 day period within which USCIS must act.

Under these circumstances, administrative closure under D.C.COLO.LCivR 41.2 is appropriate:

>A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any such motion.

I respectfully RECOMMEND that the action be closed administratively subject to reopening for good cause under D.C.COLO.LCivR 41.2.[1]

Dated June 12, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).